IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>THE GRAMMY AWARDS ON CBS d/b/a The Recording Academy/National Academy of Recording Arts and Sciences (NARAS),<br><br>Defendant. | CV 24-5-M-DLC-KLD<br><br>ORDER and FINDINGS AND RECOMMENDATION |

On January 9, 2024, pro se Plaintiff Ronald Satish Emrit filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against Defendant The Grammy Awards on CBS. (Doc. 2).

## I.     Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. The information provided in Emrit's Application to Proceed in District Court without Prepaying Fees or Costs (Doc.1) is sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the Court grants Emrit's request to proceed in

1

forma pauperis.

## II.    Screening Requirement

Because Emrit is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in

evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9ht Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III. Emrit's Allegations

Emrit states that he resides in Florida and Maryland, and has provided the Court with a Florida mailing address. (Doc. 2). Emrit, who identifies himself as African-American, alleges that the Grammy Awards are discriminating against him

based on his race. He explains that he attended the Grammy Awards several times between 2005 and 2010, but alleges his Grammy membership was terminated in 2010. (Doc. 1 at 3-5). Emrit asserts that he recently contacted the Grammys expressing his desire to re-join and take his Ukranian fiancé to the Grammy Awards. (Doc. 2 at 3-4).

Emrit asserts that the Grammy Awards are racist, and are not popular anymore. (Doc. 2 at 6). He alleges that he is "being discriminated against because [he] is a black man or African-American and that if [he] were a white man then [his] Grammy membership would have been reinstated. (Doc. 2 at 6).

Based on this alleged fact pattern, Emrit brings a claim of racial discrimination against The Grammy Awards under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). (Doc. 2 at 8). Emrit also refers in passing to the Americans with Disabilities Act of 1990, and the Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause of the United States Constitution. (Doc. 2 at 3). Emrit seeks $45 million in damages and an injunction requiring The Grammy Awards to reinstate his membership. (Doc. 2 at 9).

### IV.   Analysis

Even construing the Complaint liberally in his favor, Emrit fails to state a

claim for relief. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of "race, color, religion, sex or national origin." *See* 42 U.S.C. §2000e-2(a). An employment relationship is an essential element of a Title VII claim. *See e.g. Jordan v. Consumer Plumbing Recovery Center*, 2006 WL 8455412, at *2 (S.C. Cal. Jan. 18, 2006) (citing *Walters v. Metro. Educ. Enter., Inc.* 519 U.S. 202, 205 (21997)); *Mitchell v. Frank Howard Memorial Hosp.*, 853 F.2d 762, 766 (9th Cir. 1988). Because Emrit does not allege any facts demonstrating the existence of an employer-employee relationship, he fails to state a claim for race discrimination under Title VII. *See e.g. Emrit v. Grammy Awards on CBS*, 2023 WL 8543782, at *2 (S.D. Ill. Dec. 11, 2023) (concluding based on substantially identical pleading that Emrit failed to state a claim for relief under Title VII because he did not allege an employer-employee relationship).

    Liberally construed, Emrit's Complaint can also arguably be read as asserting a claim under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). To state a claim under § 1983, "a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated,

and (2) that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Emrit makes a passing reference in his pleading to the Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause of the United States Constitution, but does not explain how the Grammy Awards allegedly violated his any of these constitutional provisions. Emrit also fails to plead any facts from which it could reasonably be inferred that the Grammy Awards was at any time acting under color of state law as required to state a claim for relief under § 1983. *See e.g. Emrit v. Grammy Awards on CBS*, 2023 WL 8456116, at *2 (E.D. Mich. Dec. 6, 2023) (concluding for the same reasons based on substantially identical pleading that Emrit failed to state a claims for relief under § 1983).

To the extent Emrit's Complaint can be read as seeking relief under the Americans with Disabilities Act, he also fails to state a claim for relief. Emrit makes only passing mention of the ADA, does not allege any facts demonstrating that he is disabled, or explain how the Grammy Awards allegedly discriminated against him based on a disability. *See e.g. Emrit v. Grammys Awards on CBS*, 2023 WL 6577793, at *4 (N.D. N.Y. Oct. 6, 2023) (concluding based on substantially

identical pleading that Emrit's "single, unexplained references to the ADA and isolated statement that he is disabled" were insufficient to state a claim for relief).

Finally, the Court notes that venue is not proper in this Court because Emrit does not allege that the Defendant resides in Montana or that any of the alleged events giving to his claims occurred here. *See* 28 U.S.C. § 1391(b).

Even construing the Complaint liberally in Emrit's favor, the Court cannot identify any viable claims arising out the factual scenario alleged. The Court finds that the pleading deficiencies identified above cannot reasonably be cured by amendment, and it would be futile to permit amendment. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Emrit's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on January 9, 2024.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.  Emrit's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.      The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Emrit may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

<u>Emrit must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 5th day of February, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge